IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00254-ZLW

MR. SIMME ABDUL AZIZ, a.k.a. MR. DAILY,
    Plaintiff,

v.

ADAMS COUNTY,
POLICE DEPARTMENT, CITY OF THORNTON,
JOHN BITTERMAN, Deputy Sheriff, Adams County,
SOUNDRA BITTERMAN, Deputy Sheriff, Adams County,
RANDY SANCLOIUS, Deputy Sheriff, Adams County,
KENNEDY, Deputy Sheriff, Adams County,
ITJ COATES, Detective, Adams County, and
GLORIA STEVENSON,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2006

GREGORY C. LANGHAM
                CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff has filed *pro se* on June 8, 2006, a "Motion to Reinstate/or Reopen/or File New Action Under Relation-Back Doctrine." Plaintiff apparently asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on September 8, 2005. The Court must construe the motion to reconsider liberally because Plaintiff is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Plaintiff's motion to reconsider, which was filed more than ten days after the Court's September 8, 2005, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The Court dismissed the instant action for failure to comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff does not argue in his motion to reconsider that the Court erred in its determination that he failed to comply with Rule 8. Therefore, the motion to reconsider will be denied. However, Plaintiff is reminded that the action was dismissed without prejudice. As a result, he may pursue his claims by filing a new civil action if he chooses. Accordingly, it is

ORDERED that the "Motion to Reinstate/or Reopen/or File New Action Under Relation-Back Doctrine" filed on June 8, 2006, is denied.

DATED at Denver, Colorado, this __14__ day of __June__, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-00254-BNB

Simme Abeul Aziz, a/k/a Derrick Daily
Prisoner No. 1476692
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  6-16-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk